OPINION OF THE COURT
Joseph D. Mintz, J.
Petitioner brings this action under CPLR article 78 for the expungement of a disciplinary report of December 7, 1981 and for such other relief as is proper.
The facts underlying this proceeding are as follows: petitioner is an inmate in Attica State Correctional Facility, and up until the time of the disciplinary report was the Italian-American cultural group representative in D block. As a representative, petitioner had a pass authorized by Deputy Superintendent Fietz to go to areas of D block. Petitioner alleges that Officer Bailey did not consistently honor the pass, and filed a grievance against Officer Bailey on December 5, 1981. The contents of the grievance were shown to Officer Bailey, and on December 7, 1981, Officer Bailey filed a disciplinary report on petitioner, alleging that the statements in his grievance were known by petitioner to be lies. Lying is an offense for which a disciplinary report may be filed.
*485 A hearing of this court was held on January 28,1982, at which time it was determined that Officer Bailey did not file the report as a reprisal, but rather because he had sincerely believed petitioner’s statements to be lies. On the basis of this factual determination petitioner’s petition was dismissed. However, upon reconsideration sua sponte, grounds for the expungement of the report exist, the factual finding notwithstanding.
It is uncontroverted that the report of the alleged infraction was based solely upon the statement made to the grievance committee. A disciplinary report, based only on such material, is improper and cannot stand for any of three reasons: First, just as pleadings are privileged and cannot be used as a basis for defamation, so should grievances be privileged and immune from use as a basis for a disciplinary report for lying. Second, if a prisoner knew his filing of a grievance could be used as the basis of a disciplinary report, this would have a chilling effect on his filing a grievance. The filing of a grievance is a First Amendment right, and can only be abridged by the prison upon a showing that either the right is inconsistent with an individual’s status as a prisoner (Pell v Procunier, 417 US 817), or that the limitation is no greater than necessary to protect a legitimate State interest. (Procunier v Martinez, 416 US 396.) Respondent can show neither. First, not only is the filing of a grievance consistent with a prisoner’s status, but it is actually provided for by section 139 of the Correction Law. Second, although the State has an interest in protecting the integrity of its correctional system through disciplinary reports, there is no showing that the concomitant effect of discouraging the filing of grievances is at all necessary to that purpose. The allowance of the report based on material wholly within the grievance statement is, therefore, an unconstitutional abridgement of First Amendment rights. Finally, it is the stated purpose of section 139 of the Correction Law to have an informal settling of grievances before there is resort to the courts. (Patterson v Smith, 53 NY2d 98.) In order to have the system operate smoothly, any possibility of reprisal should be avoided:
*486 “Of obvious importance to any system’s success is the ease with which it can be used. If barriers exist to easy access, the likelihood of inmates even attempting to find solutions to complaints through the system is minimized.
“In part, access is enhanced when the inmate sees other inmates playing a decision-making role in solving problems. A carefully considered design is also required, so that all inmates — regardless of location, contacts, or degree of tenacity — can express their concerns.
“Closely linked to accessibility is the issue of reprisal. Of vital interest to any potential user of the mechanism is the likelihood of negative consequences for having voiced a complaint. This is particularly true in a correctional setting where the potential for reprisal is great. Given that it is probably impossible to offer an absolute guarantee of freedom from reprisal, it is nevertheless essential that appropriate safeguards be built into the system. Further, the administration must take an active stance in terms of monitoring and follow-up when it appears that some form of reprisal may have occurred.” (Breed and Dillingham, “Dispute Resolution in Corrections,” Prisoners’ Rights Sourcebook, vol 2 [Robbins ed], 1980, p 146.)
For the foregoing reasons, the disciplinary report of December 7, 1981 should be expunged from petitioner’s record and any material, the source of which is an inmate’s filed grievance, is barred from use as the basis of any disciplinary report or any sanctions flowing therefrom.